## DEFENSES UNDER A POLICY OF ACCIDENT INSURANCE.

Circuit Court of Lucas County.

Pacific Mutual Life Insurance Co. of California v. Charles W. Barnes.

Decided, February 26, 1910.

*Insurance—Schedule of Warranties Equivalent to Answers to Interrogatories—insufficient Evidence as to the Furnishing of Proof of Loss—Reviewing Court Will Not Render Final Judgment Upon Reversal for Overruling Motion for an Instructed Verdict, When—Section 3625, Revised Statutes.*

1. A schedule of warranties attached to a policy of insurance, while no part of the contract of insurance, will nevertheless be regarded as counter agreements on the part of the insured made in consideration of the issuing of the policy; and such warranties are within the contemplation of Section 3625, R. S., providing that no answer to an application for insurance shall bar recovery, unless it appear that it was willfully false, and but for such answer the policy would not have been issued.

2. An allegation in the answer of an insurance company that certain statements made by the insured were willfully false, with a denial thereof in the reply, imposes upon the defendant the burden of providing such falsity, and the matter becomes a question for the jury upon the evidence.

3. Evidence that proofs of loss were placed in a sealed envelope, directed to the insurance company at its home office, and that the envelope was thereafter placed in the hands of the local agent of the company, with no proof that it was ever deposited in the mail, is not sufficient to meet the requirement of the policy that, within twenty days from the happening of the accident, proofs of loss must be filed with the company or furnished in due form at its home office, and in such a case a motion to arrest the case from the jury should be sustained.

4. But inasmuch as discretion rests in a trial court to permit a technical lack of evidence to be supplemented by additional evidence, or in a case of this character by the filing of an amendment alleging waiver of proofs of loss, the order of the reviewing court will be the remanding of the case for a new trial, rather than a final judgment in favor of the defendant company.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

Charles W. Barnes sued the plaintiff in error in the court of common pleas upon an accident insurance policy, and obtained a verdict and judgment for $1,500 and some interest. To reverse this judgment a proceeding in error was instituted here. We have had before us at the present term another proceeding between these parties for a reversal of another judgment, and perhaps some of the principles announced in that case have application to the case at bar. It is urged, however, that the cases are not in all respects upon the same footing, and that the judgment of the court in this case should be reversed upon some grounds not urged in the other.

The defendant company, for defense against the claim of the plaintiff, insists that he is not entitled to recover, first by reason of breaches of certain warranties alleged to be incorporated in the policy of insurance attached to the plaintiff's petition and made part thereof; second, that the plaintiff has offered no proof of one fact vital to his recovery, to-wit, that proofs of the accident, after preliminary notice to the company, were filed with the company or furnished to it at its proper office at Los Angeles, California, within twenty days from the time of the accident. It is claimed

also that the plaintiff's injuries were not caused by accidental means, but that they were voluntarily incurred by him, and further that it does not appear that the loss of the plaintiff's arm, which was the serious injury sustained, arose solely from an accident. I have stated these claims in general terms and without any effort to express with fullness the assertions of the defendant. The substantial errors claimed and relied on are that the court should have arrested the case from the jury upon the motion of the defendant, that the court should have granted a new trial when it was asked for, and that the court erred in rendering judgment for the plaintiff below upon the verdict.

As to the alleged breaches of warranties said to be incorporated in this policy, it is true that the policy, which is before me and which is made a part of the plaintiff's petition in the court below, contains what the policy calls a "schedule of warranties."

The caption, in those words, "Schedule of Warranties," is followed by Article 7:

"It is agreed that the following statements, together with the payment of the stated premium, are the consideration for the issuance of this policy, and said statements are made by the insured and warrantied by him to be complete and accurate."

Now it will be noted at the outset in the consideration of these statements, that they are not said to be a part of the contract; they are said to be warranties by the party insured, to be statements by him. In other words, they are the counter agreements on his part, not the contract of the insurance company. It seems to me that this distinction as to what is contracted by the insurance company and what is agreed or promised by the insured is of consequence in considering whether or not the statute enacted by our Legislature, Section 3625, has any application. That statute is as follows:

"No answer to any interrogatory made by an applicant in his or her application for a policy shall bar the right to recover upon any policy issued upon said application or to be used in evidence upon any trial to recover upon said policy, unless it be clearly proved that such answer is willfully false and was fraudently made, that it is material and induced to company to issue the policy, and that but for such answer the policy would not have

been issued, and moreover that the agent or company had no knowledge of the falsity or fraud of such answer.''

In the case at bar there is no independent application for a policy. The statements are not in the form of answers to interrogatories.

In the case of *North American Accident Insurance Company* v. *Franklin D. Sickles,* 1 C.C.(N.S.), 477, when Judges Parker, Haynes and Hull constituted the members of this court, a case was before it in which there had been an application for a policy, but the statements made by the insured in that application were not in the form of answers to interrogatories. There were no interrogatories in the application, but the statements were declarations of certain alleged facts. Without discussing the case, it suffices to say that this court held upon elaborate reasoning and citation of authorities, that while there were no formal answers to interrogatories, the statements made by the insured were equivalent to such; they were the considerations for the policy, they were statements upon which the policy was issued. They were made by the assured for the purpose of giving information to the company unquestionably sought by it as the basis for its determination whether or not it would issue the policy.

While perhaps extending the statute somewhat beyond its letter, but considering its manifest purpose and spirit, we think that the statements made by the insured in the policy before us, although not in the form of an application, but embodied in the policy itself, are nevertheless the statements of the insured such as the Legislature had in contemplation when this enactment was made. There is no principle which could apply to the formal written application as a reason for such legislation that would not apply to similar statements made by the insured and embodied in the policy of the insurance company which signs the policy; which says that they are the statements of the insured and that they are the consideration for the policy, but as they say, statements by the insured which they claim amount to warranties, but which we think the Legislature has said are not to be deemed warranties and are not to invalidate the policy unless they are falsely, fraudulently made, and the insurance company clearly shows such facts, and also that it

relied upon such statements and would not have issued the policy but for them.

There is, however, in the answer of the defendant here an allegation that at the time of the making of these statements the assured knew them to be false; that is, that he made certain representations in these statements as to his not having made application for other insurance, and having been rejected, etc., and they say that he knew at that time, and they did not know, that these statements were not correct and were untrue, thereby perhaps bringing their defense, so far as it is stated in the answer, within the terms of the statute. There is, however, such a denial in the reply as imposed upon the defendant the burden of proving this, and this matter became then upon the evidence a question for the jury.

The court, after overruling the motion of the defendant to arrest the case from the jury, charged the jury that there was but one issue in the case. I will invite attention later to the precise language of the charge in this respect. But in the meantime, and during the progress of the trial, the question had arisen as to whether proof of loss had been sent to the company at its office in Los Angeles, and received by it, within the period prescribed by the policy. There was evidence as to the preparation of proofs of loss in due form, and the placing of them by the assured in the hands of one Lownsbury, a local agent for the company, and some further proof indicating an intention to forward them to the company's office. The assured, the plaintiff below, offered evidence that these proofs were put into a sealed envelope and that that envelope was directed to the company at Los Angeles, California; but finally the documents were left in the hands of the agent, Lownsbury, and there is no positive proof that the paper was ever deposited in the mail to be sent to Los Angeles. Without considering this evidence further, or saying anything more about it, it is enough to say that we think that the evidence to sustain plaintiff's case was not sufficient in this respect to permit the case to go to the jury for the determination of the question as to whether it was or was not received by the company in Los Angeles, and that the court should have sustained the motion of the defendant to arrest the case from the jury. In refusing to do this, we think that the court erred.

The verdict having been rendered in favor of the plaintiff, the defendant asked the court for a new trial. This should have been granted, but it was refused, and in this the court erred. For these errors of the court, which we have recited, the judgment will be reversed.

Now it is insisted by counsel for plaintiff in error that upon reversal for error of the court in overruling a motion for an instructed verdict, no discretion is allowed to the appellate court, but the mandatory duty is imposed of rendering the judgment which the court below should have rendered, to-wit, a final judgment for the defendant. This we are not inclined to do. We do not think that the statute and the various adjudications which have been cited, and which we have considered, quite bear out the contention of counsel. It is true that in the 77th Ohio State, page 522, in the case of *Whittaker* v. *Insurance Co.*, there is some language of the judge announcing the opinion for the court, which would seem to sustain the contention of counsel, but it is but a *dictum*, and we hardly think that it ought to have the conclusive force urged by counsel. Indeed, we think that the able judge using the language would hardly in a case like the one at bar, and under the circumstances which have been disclosed to us, express the same view as a concluding decision of the case. In our judgment, to render a final judgment might result in greater prejudice and injustice to a party than to permit the case to go back to the court of common pleas for proper action there.

At the time when this motion was made, what was the error of the common pleas court? It can hardly be contended that no discretion rested with the court of common pleas to permit a technical lack of evidence to be supplemented by additional evidence, or if the matters contended for by the plaintiff could have been sustained by an amendment to his reply, so as to allege a waiver or a claim on the part of the defendant that the proofs of loss had not been furnished in time, it was still within the discretion of the court under the civil code, in furtherance of justice, to permit an amendment of the pleading. What would have been the proper course of the court in the exercise of such discretion we do not desire to intimate, nor indeed have we at the present time any opinion. We think,

however, that the court of common pleas ought not in the protection of parties, to be entirely robbed of all power to exercise the discretion which might have been invoked, if the plaintiff had not been misled by the view which the court took of the rights of the parties under the pleading and under the evidence. The court was holding in favor of the plaintiff that there was but one issue to be submitted, assuming that required notice to the company had been duly given, and the plaintiff was hardly called upon to ask the court for permission to interpose additional evidence upon that issue, or to ask the court for permission to amend his pleading, the court not having found that he could not avail himself of all his rights under the pleadings as they then were. Our final conclusion is that the judgment of the court below should be reversed, and that the cause should be remanded for further proceedings according to law.